**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISIAH T. GREENE,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN CHARLES ELLIS, *et al.*,<br><br>    Defendants. | Civil Action No. 21-14101 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Isiah T. Greene's civil complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed the application, this Court finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted. As Plaintiff will be granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

Plaintiff is a state pre-trial detainee who at the relevant times was confined in the Mercer County jail. (ECF No. 1 at 2-3.) Plaintiff contends that the facility did not adequately protect him from the threat of COVID-19, and as a result, he contracted the virus twice. (*Id.* at 5.) Plaintiff contends that the warden did not adequately follow unspecified CDC guidelines, did not guarantee

social distancing at all times, and did not provide for a mask exchange program. (*Id.*) Plaintiff also alleges the facility was without showers "for months," but does not explain why this occurred or how any named Defendant was directly responsible for that issue. (*Id.*) In addition to the warden, Plaintiff seeks to raise COVID-19 related claims against the jail's medical contractor, CFG Health Systems, the Mercer County Freeholders responsible for the jail, Brian M. Hughes, a county executive, and Governor Murphy, all premised on the idea that these persons or entities failed to properly monitor and deal with situations at the jail. (*Id.* at 5-6.) Plaintiff alleges no policies or practices adopted by any of these individuals or organizations, nor does he specify how they were personally involved in Plaintiff's situation other than through vague allegations suggesting Defendants should be held vicariously liable for the issues at the jail. (*Id.*)

## II.   <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen the complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his current complaint, Plaintiff seeks to raise claims against a number of Defendants regarding the medical services and conditions of confinement he experienced following the onset of the COVID-19 pandemic. In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A supervisor or employer may not be held vicariously liable for the actions of his subordinates. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Where the allegations are targeted at supervisory officials, municipal defendants, or contracting companies, a plaintiff seeking to show personal involvement must normally plead facts indicating that the

3

supervisor, municipality, or corporation put into place a policy, custom, or practice which caused the constitutional violation alleged. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A formally enacted policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation to hold the municipality or corporate contractor liable. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

In his complaint, Plaintiff fails to identify any specifically enacted policy, practice, or custom put into place by the county executives, the Governor, or the contracting entity – CFG Health Systems, and he has therefore failed to plead that they were personally involved in the alleged wrongs. His claims against them must therefore be dismissed without prejudice at this time. Plaintiff's claims regarding the lack of showers similarly must be dismissed against the remaining Defendant, Warden Ellis, as Plaintiff has failed to specifically connect this issue in any way to Ellis. Plaintiff has not pled that Ellis was aware of the problem and failed to take action, nor has he alleged any policy or practice adopted by Ellis which led to the shower issue. Plaintiff's shower related claims must therefore also be dismissed without prejudice at this time.

In his final set of claims, Plaintiff argues that Ellis failed to protect him properly from the threat of COVID-19 by creating a mask exchange or providing adequate social distancing, and in otherwise failing to fully live up to CDC guidelines in unspecified ways. The Third Circuit reaffirmed the legal standards to be applied to such claims in the COVID-19 context in its decision in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020). As the Court of Appeals explained in *Hope*, in evaluating the assertion that a prisoner's conditions of confinement are unconstitutionally punitive, "[t]he touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish." *Id.* at 326. In the absence of a showing that detention facility staff acted with an express intent to punish a plaintiff, determining whether

conditions amount to unconstitutional punishment requires that the district court "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Id.* In reviewing the conditions and actions of detention officials and their relation to the government's legitimate interest in detention, reviewing courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record to indicate that the officials have exaggerated their response" to the situation. *Id.* Where a government entity has a strong interest in detaining the plaintiff – which is undoubtedly the case for a criminal detainee – the Third Circuit rejected the assertion that detention during the COVID-19 pandemic would amount to unconstitutional punishment where the facility in which the plaintiff is housed had taken concrete steps aimed at mitigating the threat posed to detainees, notwithstanding serious pre-existing health conditions which may render those detainees more likely to suffer serious complications should they contract the virus or the fact that some detainees may still contract COVID-19 even in the best of circumstances. *Id.* at 327-29.

With respect to deliberate indifference medical claims, the Third Circuit also reaffirmed that "[t]o establish deliberate indifference, [a plaintiff] must show the Government knew of *and disregarded* an excessive risk to [his] health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). The Court of Appeals further held that "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and that, in evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic as "[r]ules of due process

5

are not subject to mechanical application *in unfamiliar territory.*" *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Thus, where the Government has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a detainee will fall "well short of establishing that the Government was deliberately indifferent toward [his] medical needs" in light of the virus even though the detaining officials cannot entirely "eliminate all risk" of contracting COVID-19, notwithstanding even serious pre-existing medical conditions which may exacerbate a COVID-19 infection should one occur. *Id.* at 330-31.

In this matter, Plaintiff does not provide any allegations about what steps were taken, and only pleads that the jail did not provide for adequate social distancing and that there was not a mask exchange program. Plaintiff, however, does not elaborate on either point. He provides no allegations as to what levels of crowding or distancing were involved in his detention unit, nor does he explain how many masks he was given or how often he was permitted to change those masks. Plaintiff has likewise not pled that the jail took no action to protect inmates from COVID-19, nor has he alleged any facts suggesting that the jail ignored his COVID-19 infections when he did contract the virus. As neither a mask exchange program nor CDC approved social distancing are themselves *constitutional requirements*, but only a certain subset of actions a jail *may* take in dealing with the threat of COVID-19, as Plaintiff does not plead facts which otherwise indicate that the jail took no actions to protect detainees, and as Plaintiff provides little more than conclusory allegations about the lack of distancing or a mask exchange program, he has not adequately pled that Warden Ellis either created dangerous conditions of confinement or was deliberately indifferent to his medical needs. *Id.* at 327-31. Plaintiff's COVID-19 related claims against Warren Ellis are therefore dismissed without prejudice at this time.

6

IV.  **CONCLUSION**

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety.  Plaintiff is granted leave to file an amended complaint in this matter within thirty (30) days.  An order consistent with this Opinion will be entered.

                                         s/ Michael A. Shipp
                                         MICHAEL A. SHIPP
                                         UNITED STATES DISTRICT JUDGE